UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MITCHELL M. HAAS,

               Plaintiff,

      -against-

BROOKHAVEN MEMORIAL
HOSPITAL, *et al.*,

               Defendants.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
07-CV-4788 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Mitchell M. Haas ("Plaintiff" or "Haas") filed this *pro se* action on January 22, 2008 pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. The court is now presented with three filings by Plaintiff: (1) a motion seeking an "injunction or restraining order . . . [regarding] all matters relating to incarceration," (2) a motion seeking to amend his Complaint, and (3) a motion seeking to consolidate this case with three others that Plaintiff has brought. For the reasons that follow, Plaintiff's motion for an "injunction or restraining order" and motion for consolidation are denied, and Plaintiff's motion seeking leave to amend the Complaint is granted.

      **A.**     **Standard of Review**

      The court is cognizant that Plaintiff's *pro se* pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). The court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 878, 790 (2d Cir. 1994)).

**B.	Motion for "Injunction or Restraining Order"**

By letter dated December 3, 2007, Plaintiff "moves this court for an order granting injunction and restraining order in all matters relating to incarceration at above institution and removal of all case documents and records for review as to sanity of said plaintiff and proper judicial process." (Letter from Plaintiff to the court dated December 3, 2007 (Docket Entry # 5).) To the extent the court can understand Plaintiff's letter, it seeks to alter the fact or duration of his custody. Such relief may be obtained only by way of a habeas corpus petition brought pursuant to 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973) (holding that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity" of their underlying criminal conviction); see also Channer v. Mitchell, 43 F.3d 786, 787 (2d Cir. 1994) ("habeas corpus – not a § 1983 action – provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment. . . . ") (citing Preiser, 411 U.S. at 490). Accordingly, Plaintiff's request for relief pertaining to "all matters relating to incarceration" is denied.

**B.	Motion to Amend the Complaint**

By letter dated December 8, 2007, Plaintiff seeks "to amend and/or to implead" the United States of America, President George W. Bush, and the Office of the President. (Letter from Plaintiff to the court dated December 8, 2007 (Docket Entry # 6).) Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the Complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). If the court cannot articulate any reason to prohibit the amendment, it is an abuse of discretion to deny leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962). In addition, the law of this circuit is clear that *pro se* plaintiffs,

particularly in civil rights suits, are freely granted leave to amend their original complaint. See, e.g., Sachell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984) (holding that a *pro se* plaintiff who brings a civil rights action should be "fairly freely" afforded an opportunity to amend his complaint); Holmes v. Goldin, 615 F.2d 83, 85 (2d Cir. 1980) (holding the same).

Plaintiff drafted his Complaint without assistance of counsel. The court finds that Defendants here will not be prejudiced by the filing of an Amended Complaint and, therefore, pursuant to Rule 15(a), Plaintiff is hereby granted leave to amend his Complaint.

### C. Motion to Consolidate

By motion dated December 14, 2007, Plaintiff seeks to:

> consolidat[e] the above[-]captioned case as per my account of their relation to each other in content and magnitude of persecution style involvement in my life in those times . . . aggregating, and accruing up to this date where no charges of magnitude have been formally charged against said PLAINTIFF in the extent that he has been deprived of liberty, and the alteration of his life through non-felonious charges are sufficient to amount to a fine against the government as to the aggregation of damages I have suffered thereby, government negligence and misconduct being a proximate cause of these damages in the above-captioned cases, requiring and/or warranting that these cases be reaggregated under one case heading, here HAAS v. BROOKHAVEN MEMORIAL HOSPITAL 07 CV 4788 (JFB-ETB), at this time still pending a response to PLAINTIFF's [sic] Motion for a Preliminary Injunction against their illegal use of their status as a private hospital against my right to freedom and liberty.

(Plaintiff's Motion dated December 14, 2007 at 1-2 (Docket Entry # 7).)

The Federal Rules of Civil Procedure Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, . . . [the court] may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). Upon finding that the actions involve common questions of law or fact, this court "has broad discretion in determining whether consolidation is appropriate" and must balance the efficiency gained through consolidation against

3

possible prejudice to the parties. Johnson v. Kerney, No. 91-CV-1993, U.S. Dist. LEXIS 18503, at *16 (E.D.N.Y.1993) (Sifton, J.) (citing Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492 (11th Cir.1985)). Upon review, the court finds that Plaintiff has failed to meet his burden of demonstrating that consolidation is warranted. He has made no showing on the record that consolidation would assist judicial economy or that unnecessary delays or confusion in the resolution of these proceedings would be avoided by consolidation. Plaintiff's motion is therefore denied.

## IV.  Conclusion

For the aforementioned reasons, Plaintiff's motion seeking an "injunction or restraining order" and motion seeking to consolidate this case with three others that Plaintiff has brought are denied. Plaintiff is granted leave to amend his Complaint.


SO ORDERED.

Dated: March 26, 2008        /s Nicholas G. Garaufis
    Brooklyn, New York        NICHOLAS G. GARAUFIS
                                                                  United States District Judge