UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MITCHELL M. HAAS,

                            Plaintiff,                  **REPORT AND**
                                                                       **RECOMMENDATION**
           -against-

                                                                        CV 07-4788 (NGG)(ARL)

BROOKHAVEN MEMORIAL HOSPITAL, et al.,

                            Defendants.
---------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       On November 16, 2007, the pro se plaintiff, Mitchell Haas ("Haas"), filed the above action under the Civil Rights Act of 1964 and state law. On May 8, 2008, the court issued an order setting an initial conference for July 16, 2008. The order was mailed to the plaintiff at the address he provided to the court, certified mail return receipt. On July 10, 2008, the order was returned to the court as undeliverable. On July 1, 2009, the court issued a second order in an attempt to schedule an initial conference. On August 18, 2009, the court's second order was returned to the court as undeliverable. Since the filing of this action, plaintiff has taken no steps to pursue this action or to notify the court of his current address.

       Federal Rule of Civil Procedure 41(b) provides a district court with "the authority to dismiss a plaintiff's case sua sponte for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). "Although pro se litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (citations and internal quotation marks omitted). It is especially true that pro se litigants bear the obligation to comply with procedural rules when the rules, such as deadlines to act, can easily be understood and appreciated without a legal education. *See Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (citations omitted). Further, when a pro se litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, dismissal may be an appropriate remedy. *See, e.g.*, *Garcia v. Hynes*, No. CV 08-3115(RJD)(LB), 2009 WL 890640 (E.D.N.Y. Mar. 31, 2009) (adopting magistrate judge's recommendation that action be dismissed for pro se plaintiff's failure to provide the court with a current address).

       Pursuant to the factors set forth in *LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206 (2d Cir. 2001), dismissal of this case is appropriate. Haas has failed to pursue this litigation and has not communicated with the court for almost two years. This has resulted in prejudice to the defendants and a tax of the court's resources. Accordingly, the undersigned respectfully recommends that the foregoing related actions be dismissed with prejudice for Sterden's failure to prosecute pursuant to Rule 41(b).

A copy of this Report and Recommendation will be sent to Haas at his last-known address. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
January 6, 2010

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge